Jaswinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–3160–AG.

United States Court of Appeals, Second Circuit.

Feb. 6, 2006.

Viney K. Gupta, Orange, California. for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania; Michael J. Butler, Assistant United States Attorney, Harrisburg, Pennsylvania. for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED, that the petition for review is DENIED.

Petitioner Jaswinder Singh, a native and citizen of India, petitions for review of an order of the BIA denying a motion to reopen his immigration proceedings. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those

circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). A motion to reopen must be filed within 90 days after the last administrative decision was entered. 8 C.F.R. § 1003.2(c)(2). However, the 90–day deadline does not apply when a motion to reopen is based on changed country conditions, *see* 8 C.F.R. § 1003.2(c)(3)(ii), and this Circuit has recognized that an ineffective assistance of counsel claim may trigger equitable tolling of the 90–day period, *see Iavorski v. United States INS*, 232 F.3d 124 (2d Cir.2000).

■ With regard to Singh's ineffective assistance of counsel claim, he has failed to indicate the conduct which rendered his former counsel's assistance ineffective, and, in any event, over two years elapsed—from August 23, 2002 to November 24, 2004—before Singh filed a motion to reopen alleging ineffective assistance of counsel. This Circuit has found that, in order to trigger equitable tolling of the 90–day period, it must be shown that the petitioner exercised "reasonable diligence" during the tolling period. *See Iavorski*, 232 F.3d at 134. Singh provides no explanation as to why he delayed the filing of his ineffective assistance of counsel claim, or if any diligence was exercised with regard to this claim. Therefore, there is no indication that equitable tolling should apply in the present circumstances. Thus, the BIA properly found this claim to be untimely filed.

Similarly, although it appears that Singh also seeks review of the BIA's denial of his CAT claim and consideration of his adjustment of status claim, there is no indication that these claims fall within an exception to the 90–day limitations period, and, therefore, were also properly denied by the BIA as untimely.

■ With regard to Singh's changed country conditions claim, Singh's brief to this Court never discusses the changes that occurred in India that might warrant the grant of asylum or other relief, and the motion to reopen itself never identifies those changes. This Court has held that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Since it is not possible for this Court to ascertain what changed circumstances occurred in India that might have an impact on Singh's claims, his changed country condition claim is deemed to have been waived.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).