Jaswinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–5351–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

Viney K. Gupta, Orange, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, U.S. Department of Justice, Anthony W. Norwood, Senior Litigation Counsel, Joshua E.T. Braunstein, Office of

Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Jaswinder Singh, citizen of India, seeks review of an October 31, 2006 order of the BIA denying his motion to reopen his immigration proceedings. *In re Jaswinder Singh,* No. A75 838 817 (BIA Oct. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

■ The arguments that are raised by Singh in the instant petition have previously been raised and rejected by this Court. *See Jaswinder Singh v. Gonzales,* 165 Fed. Appx. 920 (2d Cir.2006). Since our previous decision became the law of the case, Singh is precluded from relitigating his arguments for a second time. *See United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002) (the law of the case ordinarily "forecloses relitigation of issues expressly or impliedly decided by the appellate court").

■ Even if Singh's petition can be construed as raising new claims, he did not challenge the BIA's finding that his second motion exceeded the numerical limit. The regulations state that individuals may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Singh has filed two motions to reopen with the BIA. Singh failed to address this independent and dispositive basis for the BIA's decision. The argument is deemed waived and the petition denied on this basis as well. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).